### CHIPPY FURNITURE CO. v. BOROCHOFF, et al.

Civil Court of Record, Dade County.
July 24, 1951.

Philip Medvin, Edwin P. Dawson of counsel, Miami, for plaintiff.

Herbert U. Feibelman, Miami, for defendants.

DAVID J. HEFFERNAN, Judge.

Naming as defendants Isador, Charles and Marvin Borochoff, partners doing business as Southern Wire & Iron Works, the plaintiff sued for damages resulting from the alleged non-performance of a contract for the delivery of furniture—obtaining service of process on April 9, 1951 under section 47.16 F. S. A.[1] on one Albert H. Berson, who took the order for the furniture.

Appearing specially, the defendants have moved for an order quashing the service or dismissing the suit because (1) the court does not have jurisdiction over the persons of the defendants, and (2) the service of process was insufficient to bind the defendants.

---

[1] *Service on agent of firm or copartnership.*—In all cases where any firm or copartnership shall conduct or carry on a business, or business venture, in the State of Florida, or shall have an office or agency in the State of Florida, service of process may be made upon any business agent or accredited representative of said firm or copartnership, and such service shall be binding upon the said copartnership and the individual members thereof; provided, that in all cases it shall appear that personal service cannot be made upon such individual copartners, or either of them, in accordance with the statutes now of force in this state; and, provided further, that this section shall apply only to firms and copartnerships composed wholly of persons not resident in this state.

Berson testified at a hearing on the motion. It has been made affirmatively to appear that the defendants are all non-residents of the state of Florida, they have their residences and place of business in Georgia, they have no place of business or property in Florida. Berson, on whom process was served, is not a member of the partnership, nor was he on the date of service.

He was and is now merely a merchandise broker acting for the defendants and other concerns outside Florida. His authority was merely to receive orders and submit them to the defendants for acceptance and shipment, or rejection. He was not, as contended by the plaintiff, a business agent or accredited representative of the defendants at the time of service.

It has been further made to appear, without contradiction, that the contract upon which this suit is founded came into existence as a result of Berson having taken an order from the plaintiff to be accepted and shipped, or rejected, by the defendants—and the goods shipped in interstate commerce from Georgia to Florida. The transaction was wholly interstate. The alleged contract and the entire transaction on which this suit is founded did not constitute doing business in Florida.

The defendants' motion to quash service of summons or dismiss the suit is granted, and the cause is dismissed.